```
IN THE UNITED STATES DISTRICT COURT
   FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
              WESTERN DIVISION
```

JOYCE BRISTOW                                           PLAINTIFF

VERSUS                          CIVIL ACTION NO: 5:09-cv-66-DCB-JMR

LEZLI BASKERVILLE                                       DEFENDANT

**ORDER**

This cause comes before the Court on the Defendant Lezli Baskerville's ("defendant") Motion to Bifurcate Trial [docket entry no. 10]. Plaintiff Joyce Bristow ("plaintiff") filed her Response [docket entry no. 15] on August 13, 2009. Having carefully considered the Motion, Response, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

The plaintiff filed her Complaint on November 5, 2008, asserting claims against the defendant for alienation of affection, adultery, and negligent and intentional infliction of emotional distress. The plaintiff seeks actual and punitive damages including her ex-husband's, Clinton Bristow, Jr., retirement benefits, life insurance policies, annuities, and investments.

The defendant removed the case to this Court on April 21, 2009, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1446. Thereafter, the defendant filed her Answer to the Complaint on April 27, 2009. The Motion to Bifurcate was filed by the defendant on July 17, 2009. In the instant motion, the defendant argues that the determination of liability and damages should be bifurcated at

trial. She asserts that the issue of liability for the claims of alienation of affection and adultery will more than likely be decided in her favor and that judicial economy dictates a trial on the issue of liability before damages.

In her response, the plaintiff objects to bifurcation of these issues and argues, in general, that the motion fails to comply with the Federal Rules of Civil Procedure and Mississippi case law and statutory law.

Under Federal Rule of Civil Procedure 42(b), the court may order a separate trial of one or more separate issues "[f]or convenience, to avoid prejudice, or to expedite and economize." Whether a issues in a trial should be bifurcated "'is a matter within the sole discretion of the trial court,'. . . and is to be determined on a case-by-case basis." Thompson v. Sanderson Farms, Inc., 2006 WL 2559852, *4 (S.D. Miss. 2006)(citing Conkling v. Turner, 18 F.3d 1285, 1293 (5th Cir. 1994)). Bifurcated trials "'should be the exception, not the rule.'" Summerville v. Candy Fleet Corp., 2001 WL 1524515, *1 (E.D. La. 2001)(citation omitted).

In the instant case, the Court is of the opinion that the facts in the record concerning liability and damages are insufficient for the Court to make a determination as to whether these issues should be bifurcated at trial. For this reason, the Court finds that the Motion to Bifurcate Trial is premature and is denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the defendant's Motion to Bifurcate Trial is **DENIED WITHOUT PREJUDICE.**

**SO ORDERED AND ADJUDGED** this the 24th of March 2010.

                                     s/ David Bramlette
                                     **UNITED STATES DISTRICT JUDGE**