```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   WESTERN DIVISION
```

JOYCE BRISTOW                                            PLAINTIFF

VERSUS                          CIVIL ACTION NO: 5:09-cv-66-DCB-JMR

LEZLI BASKERVILLE                                        DEFENDANT

## OPINION AND ORDER

This cause is before the Court on the Plaintiff's Motion for Reconsideration [docket entry no. 56] and Supplemental Motion for Reconsideration [docket entry no. 61] of the Court's May 17, 2010 Opinion and Order [docket entry no. 54] which granted of summary judgment for the Defendant as to all of the Plaintiff's claims. Having carefully considered said Motions, Responses, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

The Plaintiff, Joyce Bristow ("Mrs. Bristow") filed this action on November 5, 2008 against Defendant Lezli Baskerville for alienation of affection, adultery, and negligent and intentional infliction of emotional distress, arising out of Baskerville's alleged adulterous affair with Mrs. Bristow's husband, Clinton Bristow. Mr. and Mrs. Bristow married (for the second time) in April of 1997. Mrs. Bristow filed for divorce on July 30, 1999 and an Illinois court granted the divorce on December 12, 2001. Mrs. Bristow first became aware of Mr. Bristow's relationship with

Baskerville in January 2001 when Mr. Bristow and Baskerville were together at an event in Chicago called the Indigo Ball.  Mr. Bristow died in 2006 and Mrs. Bristow alleges that, in 2007, she first discovered that Mr. Bristow had begun a relationship with Baskerville during the Bristows' marriage.  Within one year of the date on which Mrs. Bristow alleges that she discovered Baskerville's affair with Mr. Bristow, Mrs. Bristow filed the instant action.

As detailed more fully in the May 17 Opinion and Order, this Court granted summary judgment for Baskerville as to her alienation of affection and infliction of emotional distress claims, holding that they were time barred because Mrs. Bristow knew of Baskerville's relationship with Mr. Bristow no later than January 2001 but waited to bring this action until November 2008, well beyond the relevant statutes of limitation.  In Mississippi, the three year "catch all" statute of limitations found at Miss. Code Ann. § 15-1-49 applies to claims for alienation of affection and negligent infliction of emotional distress. Hancock v. Watson, 962 So.2d 627, 630 (Miss. Ct. App. 2007) (alienation of affection); Air Comfort Sys., Inc. v. Honeywell, 760 So.2d 43, 44 (Miss. App. 2000) (negligent infliction of emotional distress).  Intentional infliction of emotional distress claims are governed by the one-year statute of limitations found in Miss. Code Ann. § 15-1-35. Jones v. Fluor Daniel Servs. Corp., 32 So.3d 417 (Miss. 2010).  The

Court also granted summary judgment as to Mrs. Bristow's adultery claim because Mississippi does not recognize that cause of action. Saunders v. Alford, 607 So.2d 1214, 1219 (Miss. 1992).  Mrs. Bristow now urges this Court to reconsider its ruling with respect to the statutes of limitation for the alienation of affection and infliction of emotional distress claims.[1]

I.   Standard for Motion to Reconsider

The Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration, but the Fifth Circuit Court of Appeals has held that a district court may entertain such a motion and treat it as a motion to alter or amend under Rule 59(e) or as a motion for relief from judgment under Rule 60(b). Williamson Pounders Architects, P.C. v. Tunica Co., 2008 WL 2856826, *1 (N.D.Miss. July 21, 2008) (citing Teal v. Eagle Fleet, Inc., 933 F.2d 341, 347 (5th Cir. 1991)).  "If the motion for reconsideration is filed and served within ten days of the rendition of judgment, the motion falls under Rule 59(e).  If it is filed and served after that time, it falls under the more stringent Rule 60(b)."  Id. This Court entered an Order on the parties' motions for summary judgment on May 17, 2010.  Mrs. Bristow filed her Motion for Reconsideration on May 27, 2010, within ten days of the Order.  Therefore, the Court will apply the standard applicable

---

[1] Mrs. Bristow has not moved this Court for reconsideration as to the adultery claim and thus it remains dismissed.

3

to motions under Rule 59(e).

Federal Rule of Civil Procedure 59(e) grants the Court the power to alter or amend its judgment.  There are three potential grounds for the Court to alter or amend a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice."  Williamson Pounders Architects, P.C. v. Tunica Co., 681 F.Supp.2d 766, 767 (N.D. Miss. 2008).  This Court has considerable discretion in deciding whether to grant a motion for reconsideration.  Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993).  Granting a motion for reconsideration, however, is "an extraordinary remedy and should be used sparingly." In re Pequeno, 240 Fed. Appx. 634, 636 (5th Cir. 2007) (citations omitted).  A motion for reconsideration under Rule 59(e) "cannot be used to raise arguments which could, and should, have been made before the judgment issued."  Rosenzweig v. Azurix Corp., 332 F.3d 854, 863 (5th Cir. 2003).

Mrs. Bristow urges that this Court erred in holding the undisputed facts demonstrate that she was aware of her injury in January 2001 when Mr. Bristow took Baskerville to the Indigo Ball. Mrs. Bristow claims that though she was aware of the fact that her husband and Baskerville attended the ball together in 2001, that did not alert her to the fact that Baskerville had been involved

with Mr. Bristow before Mrs. Bristow filed for divorce. Mrs. Bristow argues that because she had filed for divorce in July 1999, it did not arise any suspicions for Mr. Bristow to be seen in public with Baskerville in January 2001. Instead, Mrs. Bristow avers that she was not aware when she filed for a divorce in 1999 that Mr. Bristow was having an affair with Baskerville and that she did not learn that fact until 2007, within one year of which she filed the instant claim. Baskerville argues that, as this Court held in its May 17 Opinion and Order, Mrs. Bristow knew or should have known about the adulterous relationship between her husband and Baskerville by the date of the Indigo Ball in 2001 and thus the claim is time barred.

II. Whether Mrs. Bristow Alleges a Latent Injury Such That the Discovery Rule Applies to Toll the Applicable Statutes of Limitation.

In arguing that her causes of action did not accrue until Mrs. Bristow became aware that Baskerville had been involved with Mr. Bristow during the Bristows' marriage, Mrs. Bristow relies upon the "discovery rule," codified with respect to the three year statute of limitations at issue in the alienation of affection and negligent infliction of emotional distress claims at Miss. Code Ann. § 15-1-49(2).[2] That statute provides that "in all actions for

---

[2] Though the "discovery rule" is not explicitly codified in § 15-1-35 which provides the one-year statute of limitations for Mrs. Bristow's intentional infliction of emotional distress claim, courts have nonetheless applied the discovery rule to claims governed by that statute. E.g., River Oaks Convalescent Center,

5

which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury." No Mississippi courts have addressed whether the discovery rule applies to claims for alienation of affection or infliction of emotional distress and this Court did not reach it in its previous order on summary judgment because it wrongly concluded that the 2001 Indigo Ball appearance by Mr. Bristow and Baskerville put Mrs. Bristow on notice that her husband's affair commenced prior to Mrs. Bristow's 1999 divorce filing. This Court is now persuaded that because Mrs. Bristow had already filed for divorce, Mr. Bristow's appearance at a public event with another woman did not necessarily indicate an extra-marital affair prior to the divorce filing.

Accordingly, this Court must reach the question of whether the discovery rule applies to Mrs. Bristow's claims. If it does, then a jury must resolve the factual question of when Mrs. Bristow knew or should have known about Mr. Bristow's affair with Baskerville such that the statute of limitations began to run. Huss v. Gayden, 991 So.2d 161, 168 (Miss. 2008) (noting that when a statute of limitations accrues is a question of fact). Indeed, the jury may

---

Inc. v. Coahoma County, 280 F.Supp.2d 565, 568 (N.D. Miss. 2003) (tolling statute of limitations for libel claim pursuant to the discovery rule); Staheli v. Smith, 548 So.2d 1299, 1303 (Miss. 1989) (same).

find that Mr. Bristow's appearance at the Indigo Ball in 2001 with Baskerville was sufficient to put Mrs. Bristow on notice that her husband had been seeing Baskerville before Mrs. Bristow filed for divorce.  If the discovery rule does not apply to Mrs. Bristow's claims, then when she discovered her husband's affair with Baskerville is irrelevant because the summary judgment evidence is clear that Mr. Bristow's affections were alienated more than three years before this suit was filed in 2008 (probably as far back as 1999 when Mrs. Bristow filed for divorce).

  The Mississippi Supreme Court has cautioned that the discovery rule should be applied in "limited circumstances in negligent and products liability cases involving latent injury."  PPG Architectural Finishes, Inc. v. Lowery, 909 So.2d 47, 50 (Miss. 2005) (quoting Schiro v. Am. Tobacco Co., 611 So.2d 962, 964 (Miss. 1992)).  In other words, if a latent injury is not present, then the discovery rule does not apply.  Id. (citing Chamberlain v. City of Hernando, 716 So.2d 596, 602 (Miss. 1998)).  Moreover, "there is no bright line rule [regarding whether particular injuries are latent], and the specific facts of the case will determine whether the plaintiff knew or reasonably should have known that an injury existed."  Id. at 51.  In the context of § 15-1-49 (applicable to the claims of alienation of affection and negligent infliction of emotional distress) and § 15-1-35 (applicable to the claim of intentional infliction of emotional distress), the Mississippi

7

Supreme Court has held that legal malpractice, Smith v. Sneed, 638 So.2d 1252 (Miss. 1994), purchasing land contaminated with toxic waste, Donald v. Amoco Prod. Co., 735 So.2d 161 (Miss. 1999), lung cancer caused by cigarette smoking, Schiro, 611 So.2d 962, and defamation, Staheli v. Smith, 548 So.2d 1299 (Miss. 1989), are all latent injuries such that the discovery rule applies.  Regarding other statutes of limitation not at issue here, the discovery rule has also been applied to claims for medical malpractice, Williams v. Kilgore, 618 So.2d 51 (Miss. 1992) and worker's compensation, Benoist Elevator Co. v. Mitchell, 485 So.2d 1068 (Miss. 1986).

The question then becomes whether Mrs. Bristow's injury is latent such that the discovery rule is applicable to her claims for alienation of affection and negligent and intentional infliction of emotional distress.  A latent injury is one where the "plaintiff will be precluded from discovering harm or injury because of the secretive or inherently undiscoverable nature of the wrongdoing in question or when it is unrealistic to expect a layman to perceive the injury at the time of the wrongful act."  Lowery, 909 So.2d at 50 (quoting Donald v. Amoco Prod. Co., 735 So.2d 161, 168 (Miss. 1999)).  Other states have reached differing conclusions regarding whether injuries arising out of facts similar to those at issue here are latent injuries such that the discovery rule applies. E.g., Misenheimer v. Burris, 637 S.E.2d 173 (N.C. 2006) (tolling limitations period for criminal conversation claim until husband

discovered wife's affair with defendant); Turner v. PV Int'l Corp., 765 S.W.2d 455, 467-468 (Tex. App. 1989) (tolling limitations period for alienation of affection claim until husband discovered affair between wife and defendant); Plummer v. Summe, 687 S.W.2d 543 (Ky. App. 1985) (holding alienation of affection accrued when "last bad act" occurred not when affair discovered); Roberts v. Berry, 541 F.2d 607 (6th Cir. 1976) (holding loss of consortium claim accrued when affair occurred, not when affair was discovered). On balance, this Court holds that the secretive nature of extra-marital affairs renders Mrs. Bristow's injuries latent such that the discovery rule applies. To hold otherwise would be to reward those who are skilled in conducting secret affairs and to penalize the unsuspecting spouse. To the extent that the Mississippi Supreme Court has chosen to retain the cause of action for alienation of affection, it should not be lost because an unknowing spouse believed the partner spouse had simply fallen out of love when, in fact, there was another person responsible for the break in the marriage.

Baskerville argues that while Mrs. Bristow may not have known after the Indigo Ball in 2001 that Baskerville was the cause of the demise of the Bristows' marriage, Mrs. Bristow was aware no later than on that date that her husband's affections had been alienated and thus her claims accrued then. In support, Baskerville relies on Angle v. Koppers, Inc., 42 So.3d 1, 7 (Miss. 2010), which held

that toxic tort claims accrued when the plaintiff was diagnosed with a disease, and not when she later discovered that the diseased was caused by exposure to certain toxic chemicals.  This Court holds that Mrs. Bristow's injuries are distinguishable from the diseases at issue in Angle because marriages can and often do end without the interference of a third party and thus the end of a marital relationship would not necessarily suggest any legal "injury" much less one caused by a third party.  A disease, however, is necessarily an injury whether the person suffering from it is aware of its cause or not.  Put another way, a person suffering from a disease is aware that he or she is injured, even if unaware of the cause of the injury, whereas the alienation of affection plaintiff (and in some cases, the infliction of emotional distress plaintiff[3]) may be totally unaware of any legal injury.  For this reason, the discovery rule makes sense in the context of Mrs. Bristow's claims.

Hancock v. Watson, 962 so.2d 627 (Miss. App. 2007), which this Court discussed in its May 17 Opinion and Order, is not to the contrary because it does not address the discovery rule or its applicability to a claim for alienation of affections.  Instead, Hancock holds that for purposes of when an alienation of affection

---

[3]Because the facts underlying a claim for infliction of emotional distress can differ widely from case to case, this Court holds only that the specific injury at issue here was latent, not that all claims for infliction of emotional distress are latent injuries such that the discovery rule would apply.

claim accrues, the focus should be on when the affections of the "spouse involved in the extramarital relationship are alienated." Id. at 631.  Though the Hancock Court further noted that "the affections of the spouse wronged by the affair are irrelevant to a determination of when the cause of action accrued," id. at 631, this Court does not interpret that statement to mean that the wronged spouse's knowledge or lack thereof of the extramarital affair is irrelevant because the discovery rule was not before the Hancock court.

Accordingly, the Court hereby vacates its May 17, 2010 Opinion and Order because there exists a dispute of material fact regarding whether Mrs. Bristow's claims for alienation of affection and negligent and intentional infliction of emotional distress are time barred.  Baskerville's motion for summary judgment as to these claims must be denied.

### IV. Conclusion

**IT IS HEREBY ORDERED** that the Plaintiff's Motion for Reconsideration [docket entry no. 56] and Supplemental Motion for Reconsideration [docket entry no. 61] are **GRANTED.**

**IT IS FURTHER ORDERED** that the Court's Order granting summary judgment [docket entry no. 54] is **VACATED.**

**SO ORDERED AND ADJUDGED** this the 6th day of December 2010.

                                                     s/ David Bramlette
                                                   **UNITED STATES DISTRICT JUDGE**