**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

JOYCE BRISTOW                                                    PLAINTIFF


VERSUS                              CIVIL ACTION NO: 5:09-cv-66-DCB-JMR


LEZLI BASKERVILLE                                               DEFENDANT

## OPINION AND ORDER

This cause is before the Court on the Defendant Lezli Baskerville's Motion for Relief under Rule 60(b) of the Federal Rules of Civil Procedure [docket entry no. 78], seeking modification of this Court's December 6, 2010 Order [docket entry no. 63] which denied Baskerville's Motion for Summary Judgment. Having carefully considered said Motion, Responses thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

### I. Facts and Procedural History

The Plaintiff, Joyce Bristow ("Mrs. Bristow") filed this action on November 5, 2008 against Baskerville for alienation of affection, adultery, and negligent and intentional infliction of emotional distress, arising out of Baskerville's alleged adulterous affair with Mrs. Bristow's husband, Clinton Bristow.  Mr. and Mrs. Bristow married (for the second time) in April of 1997.  Mrs. Bristow filed for divorce on July 30, 1999 and an Illinois court granted the divorce on December 12, 2001.  Mrs. Bristow first

became aware of Mr. Bristow's relationship with Baskerville in January 2001 when Mr. Bristow and Baskerville attended an event together in Chicago called the Indigo Ball.  Mr. Bristow died in 2006 and Mrs. Bristow alleges that, in 2007, she first discovered that Mr. Bristow had begun a relationship with Baskerville during the Bristows' marriage.  Within one year of the date on which Mrs. Bristow alleges that she discovered Baskerville's affair with Mr. Bristow, Mrs. Bristow filed the instant action.

As detailed more fully in the May 17 Opinion and Order [docket entry no. 54], this Court initially granted summary judgment for Baskerville as to her alienation of affection and infliction of emotional distress claims, holding that they were time barred because Mrs. Bristow knew of Baskerville's relationship with Mr. Bristow no later than January 2001 but waited to bring this action until November 2008, well beyond the relevant statutes of limitation.[1]  Mrs. Bristow then moved for reconsideration of that decision, arguing that Baskerville and Mr. Bristow attending an event together in 2001 did not indicate an extra-marital affair because Mrs. Bristow had already filed for divorce at that time. This Court agreed with Mrs. Bristow that a fact issue existed regarding whether Mrs. Bristow's awareness that Mr. Bristow and Mrs. Baskerville attended an event together in 2001 was evidence of

---

[1] The Court also granted summary judgment as to Mrs. Bristow's adultery claim because Mississippi does not recognize that cause of action.  <u>Saunders v. Alford</u>, 607 So.2d 1214, 1219 (Miss. 1992).

a previous extra-marital affair such that the statutes of limitation began to run for Mrs. Bristow's claims.  Mrs. Bristow further argued that the "discovery rule" applied to toll the relevant statues of limitation until 2007 when Mrs. Bristow discovered that Baskerville had begun an affair with Mr. Bristow during the Bristows' marriage.  The discovery rule, codified at Miss. Code Ann. § 15-1-49(2), provides that for actions involving latent injury, the cause of action does not accrue until the plaintiff discovers, or should have discovered, the injury.  This Court found that no Mississippi courts had addressed whether the discovery rule could toll the statutes of limitations for claims of alienation of affection and negligent and intentional infliction of emotional distress, and thus made an *Erie* guess that it did. Accordingly, this Court granted Mrs. Bristow's Motion for Reconsideration in an Order dated December 6, 2010 [docket entry no. 63], holding that because Mrs. Bristow's alleged injuries were latent and the discovery rule applied, whether her claims were time-barred was a question of fact for a jury.  The December 6 Order vacated this Court's earlier May 17 Order granting summary judgment to Baskerville.  This matter was then set for trial.

On February 15, 2011, just over a month before trial was set to begin, Baskerville filed the instant Motion for Relief from Judgment seeking modification of the Court's December 6 Order in light of Fulkerson v. Odom, 53 So.3d 849, 852 (Miss. Ct. App.

2011), which held that the discovery rule does not apply to claims for alienation of affection.   Mrs. Bristow did not respond to the Motion and thus on March 7, 2011, this Court Ordered Mrs. Bristow to show cause why the Motion should not be granted [docket entry no. 93].  Mrs. Bristow responded [docket entry no. 94] by arguing that, as a procedural matter, relief from judgment was not proper because a change in Mississippi law was not an "extraordinary or compelling circumstance" as contemplated by Rule 60(b).   Mrs. Bristow did not address the substantive question of whether the rule announced in Fulkerson would require summary judgment for Baskerville on statute of limitations grounds.

## II. Analysis

As an initial matter, this Court notes that Rule 60(b) does not govern Baskerville's Motion for Relief, despite both parties' apparent agreement that it does, because the December 6, 2010 Order denying summary judgment was not a final judgment.  Rule 60(b) provides that "the Court may relieve a party ... from a *final* judgment, order, or proceeding" under certain circumstances. Fed. R. Civ. P. 60(b)(emphasis added).  But the December 6, 2010 denial of summary judgment was an interlocutory order and therefore, this Court is "'free to consider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" Travelers Property Casualty Co. v. Federated Rural Elec. Ins.

<u>Exch.</u>, 2009 WL 2900027 (S.D. Miss. Sept. 3, 2009)(quoting <u>Lovespere</u>
<u>v. Niagra Mach. & Tool Works, Inc.</u>, 910 F.2d. 167, 185 (5th Cir.
1990)). In other words, this Court may revisit its denial of
summary judgment at any time and for any reason and will certainly
do so in light of the Mississippi Court of Appeal's decision in
<u>Fulkerson</u>.

In the December 6 Order, this Court noted that "if the
discovery rule does not apply to Mrs. Bristow's claims, then [the
issue of] when she discovered her husband's affair with Baskerville
is irrelevant because the summary judgment evidence is clear that
Mr. Bristow's affections were alienated more than three years
before this suit was filed in 2008 (probably as far back as 1999
when Mrs. Bristow filed for divorce)." Order at 7. No Mississippi
courts had addressed this state law question and thus this Court
made an *Erie* guess, holding that Mrs. Bristow's claims for
alienation of affection and intentional or negligent infliction of
emotional distress evinced latent injuries so that the discovery
rule applied. This Court reasoned that to hold otherwise would
"reward those who are skilled in conducting secret affairs and []
penalize the unsuspecting spouse." <u>Id.</u> at 9. Accordingly, summary
judgment for Baskerville was denied and it was left for a jury to
determine whether the facts supported Mrs. Bristow's claim that she
knew nothing of her husband's affair (which allegedly began in
1999) until 2007.

The Mississippi Court of Appeals has recently filled the void identified by the December 6 Order and addressed whether the discovery rule applies to claims for alienation of affection in Mississippi.  Fulkerson, 53 So.3d at 852.  The Court of Appeals held the discovery rule inapplicable because "[a]lthough a clandestine affair is a secretive wrongdoing, it is not unrealistic to expect a plaintiff to perceive, at the time of the affair, the resulting harm - the loss of consortium through alienation of the spouse's affection."  Id.  In other words, the Court of Appeals reached the opposite conclusion from that reached by this Court in the December 6 Order.  There is no question that under Fulkerson's precedent, this Court would have found Mrs. Bristow's claims to be time-barred and that Baskerville was entitled to summary judgment.

Because the Fulkerson decision came out of the Mississippi Court of Appeals, rather than the Mississippi Supreme Court, this Court is not bound to follow it in this diversity case.[2]  Labiche v. Legal Sec. Ins. Co., 31 F.3d 350, 351 (5th Cir.1994)("In order to determine state law, federal courts look to final decisions of the highest court of the state. When there is no ruling by the state's highest court, it is the duty of the federal court to determine as best it can, what the highest court of the state would decide.").  Nevertheless, this Court is disinclined to contradict the only Mississippi decision on point.  Accordingly, though not

---

[2] The Court of Appeals has issued its mandate in Fulkerson and the time for appeal to the Mississippi Supreme Court has passed.

required to do so, in light of <u>Fulkerson</u>, this Court will exercise its discretion to amend the December 6 Order and hold that the discovery rule does not apply to Mrs. Bristow's claims for alienation of affection and negligent and intentional infliction of emotional distress.[3]   As the December 6 Order plainly states, without the application of the discovery rule, Mrs. Bristow's claims are time barred and summary judgment must be granted to Baskerville.

### III. Conclusion

**IT IS HEREBY ORDERED** that Defendant's Motion for Relief Under Fed. R. Civ. P. 60(b) [docket entry no. 78] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Court's Order denying summary judgment [docket entry no. 63] is **VACATED.**

**IT IS FURTHER ORDERED** that summary judgment is **GRANTED** for the Defendant, Lezli Baskerville, as to all remaining claims.

**SO ORDERED AND ADJUDGED** this the 12th day of April, 2011

         s/ David Bramlette
         **UNITED STATES DISTRICT JUDGE**

---

[3] As noted in the December 6 Order, whether the discovery rule applies to claims for negligent and intentional infliction of emotional distress is also an open question under Mississippi law. Though <u>Fulkerson</u> does not address such claims, this Court will apply its reasoning to Mrs. Bristow's emotional distress claims given that they arises out of the same facts that form the basis for the alienation of affection claim.  This Court does not hold that the discovery rule can never apply to claims for negligent or intentional infliction of emotional distress, rather only that it does not apply to the specific claims at issue here premised on an extra-marital affair.  <u>See</u> December 6 Order at 10 n3.